IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD BELL and SUMIKO BELL, <br><br> Plaintiffs, <br><br> v. <br><br> ARVIN MERITOR, INC, et al., <br><br> Defendants. | ) Case No. 12-00131-SC <br> ) <br> ) ORDER DENYING PLAINTIFFS' <br> ) MOTION TO REMAND AND <br> ) GRANTING DEFENDANT'S <br> ) <u>MOTION TO STAY</u> <br> ) <br> ) <br> ) <br> ) <br> ) |

## I.   INTRODUCTION

Plaintiffs Donald Bell ("Bell") and Sumiko Bell (collectively, "Plaintiffs") brought this personal injury action in Alameda County Superior Court. ECF No. 1 ("Not. of Removal") Ex. A ("Compl."). Plaintiffs allege that Bell suffered injuries as a result of his exposure to Defendants' asbestos-containing products. Compl. ¶¶ 9-12. On January 6, 2012, Defendants removed the action to federal court. Not. of Removal. Now before the Court is Plaintiffs' motion to remand, filed on February 9, 2012. ECF No. 25 ("Mot. to Remand").[1] Defendants Pneumo Abex LLC ("Abex") and Hennessy Industries, Inc. ("Hennessy") have opposed the Motion. ECF Nos. 34

---

[1] On February 9, 2012, Plaintiffs erroneously filed their Motion with the previously assigned magistrate judge, after the case had been reassigned to this Court. See ECF No. 21. Plaintiffs subsequently re-filed their amended briefing with this Court on February 10, 2012.

("Hennessy Opp'n"), 35 ("Abex Opp'n").  Plaintiffs have filed a reply.  ECF No. 44 ("Pls.' Reply").  Abex has also filed an ex parte application for an order staying all proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML"), which Plaintiffs have opposed.  ECF Nos. 42 ("Mot. to Stay"); 43 ("Pls.' Opp'n").  Having reviewed all of the parties' arguments, the Court finds these matters appropriate for decision without oral argument.  The Court DENIES Plaintiffs' Motion to Remand and STAYS further proceedings in this action pending a decision by the JPML.

**II.  DISCUSSION**

**A.  Plaintiffs' Motion to Remand is Untimely**

Plaintiff argues that Defendants' removal was defective because it was untimely and because one of the Defendants, Honda, did not consent to removal.  The Court need not reach these arguments since Plaintiffs' Motion to Remand is itself untimely.  Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the <u>filing</u> of the notice of removal . . . ." (emphasis added).  "Federal courts strictly observe the thirty-day deadline for filing motions to remand." <u>Alter v. Bell Helicopter Textron, Inc.</u>, 944 F. Supp. 531, 535 (S.D. Tex. 1996).  Here, Defendants filed the Notice of Removal on January 6, 2012, but Plaintiffs did not move to remand until thirty-four days later, on February 9, 2012.  Accordingly, Plaintiffs Motion to Remand is untimely.

Plaintiff contends that, under 28 U.S.C. 1446(d), the thirty-

2

day window for filing a motion to remand was not triggered until January 9, 2012, when they were served with Defendants' Notice of Removal. Pls.' Reply at 4. This is not the law. First and foremost, Section 1447(c) expressly requires that a motion to remand be made within thirty days of the "filing" of a notice of removal, not within thirty days of service. Second, Section 1446(d) has no bearing on the time period for moving for remand. That provision merely requires that a removing party provide notice to adverse parties, but says nothing about whether that notice affects the deadline for filing a motion to remand.

Plaintiff relies on an out-of-circuit case, N.J. Dept. of Envtl. Prot. v. Exxon Mobil Corp., 381 F. Supp. 2d 398 (D.N.J. 2005), which held that, under Federal Rule of Civil Procedure 6(e), a party has an additional three days to file a motion to remand where the notice of removal is served by mail.[2] Pls.' Reply at 4. Exxon is inapposite. As an initial matter, there is no indication that Defendants mailed the Notice of Removal to Plaintiffs.[3] Additionally, Exxon is contrary to the weight of authority in this and other circuits. See Pavone v. Miss. Riverboat Amusement Corp., 52 F.3d 560, 566 (5th Cir. 1995) ("Rule 6(e) does not extend the thirty-day period of § 1447(c)."); Borchers v. Std. Fire Ins. Co., No. C-10-1706 MMC, 2010 U.S. Dist. LEXIS 75414, at *3-4 (N.D. Cal. June 25, 2010) (same); Rodriguez v. Hall Ambulance, No. 1:06-CV-01580 OWW TAG, 2007 U.S. Dist. LEXIS 9504, at *32 (E.D. Cal. Feb.

---

[2] In 2007, Rule 6(e)'s substantive provisions were incorporated into Rule 6(d).

[3] None of the parties filed a proof of service for the Notice of Removal with the Court. The Notice of Removal was filed on January 6, 2012 and entered in the electronic court filing system ("ECF") on January 10, 2012.

3

9, 2007) (same); In re Edward Jones Holders Litig., 453 F. Supp. 2d 1210, 1213 (C.D. Cal. 2006) (same); Delew v. Las Vegas Metro. Police Dep't, 108 F. Supp. 2d 1146, 1148 (D. Nev. 2000) (same).

**B.    The Court Has Federal Enclave Jurisdiction**

Abex removed this action to federal court on the basis of "federal enclave" jurisdiction.  Not. of Removal at 5.  The federal government has exclusive authority "in all Cases whatsoever . . . over all places purchased" by the government "for the erection of forts, magazines, arsenals, dockyards, and other needful buildings."  U.S. Const. art. I, § 8, cl. 17.  Such places are known as "federal enclaves."  "Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction." Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998).

Plaintiffs allege that Bell was exposed to asbestos during his employment as a mechanic with the United States Army at "Aberdeen, Maryland; Sendai, Japan; Fort Ord, California; Sapporo, Japan; Tokyo, Japan; Fort Wachika, Arizona; Fort Riley, Kansas; Seoul, Korea; New Orleans, Louisiana; Kaiserslautern, Germany; Fort Leonard Wood, Missouri."  Compl. Ex. A.  In its Notice of Removal, Abex argued that federal jurisdiction was proper since at least some of these locations -- which include various army bases -- are federal enclaves.  The Court agrees.

Plaintiffs argue that Defendants have failed to satisfy their burden of establishing that the locations identified by Plaintiffs are federal enclaves.  Mot. to Remand at 8.  This argument is unavailing.  Plaintiffs cannot credibly contend that the various Army facilities named in the Complaint do not constitute federal

4

enclaves. These facilities clearly fall under the Constitution's definition of federal enclaves, which includes "forts" and "arsenals." <u>See</u> U.S. Const. art. I, § 8, cl. 17. The Court also notes that Plaintiffs' arguments in this area are in significant tension with other arguments advanced in their Motion to Remand. For example, Plaintiffs argued that the Complaint put Defendants on "unequivocal notice" that Bell may have been exposed to asbestos in federal enclaves and, thus, Defendants should have removed within thirty days of service of the Complaint. Mot to Remand at 4-5.

For these reasons, the Court finds that it has authority to exercise jurisdiction over this matter.

### C. A Stay Pending the JPML's Decision is Appropriate

Abex has the requested a stay of further proceedings pending a final decision by the JPML as to whether to transfer this case to the Multi District Litigation on asbestos (the "asbestos MDL"). Mot to Transfer at 1-3. Plaintiffs have not opposed the substance of this motion. However, Plaintiffs argue that Abex's motion should be denied or continued until the Court rules on Plaintiffs' Motion to Remand. Pls.' Opp'n at 2. As the Court finds that remand is inappropriate and that Abex's Motion to Stay has merit, the Court GRANTS Abex's Motion to Stay.

### III. CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiffs Donald Bell and Sumiko Bell's Motion to Remand and retains jurisdiction over this matter. The Court also GRANTS Defendant Pneumo Abex LLC's Motion to Stay and STAYS all further proceedings in this case pending a decision by the JPML as to whether this case

should be transferred.  The parties shall immediately notify the Court when this issue has been resolved.

IT IS SO ORDERED.

Dated: April 2, 2012

_____
UNITED STATES DISTRICT JUDGE